Richard S. Heller, J.
Claimant on August 13,1955 was, driving her 1950 Plymouth car northerly on Route No. 11, a State highway which is the main artery of traffic between Syracuse and Watertown. Approximately 10:45 a.m., at a point just north of Maple View, claimant’s car skidded from the highway and the injuries and damages claimed were sustained. It was raining at the time.
*1030 In 1950-1951 the State reconstructed Route No. 11 between Maple View on the south and Sandy Creek on the north. The old concrete pavement was covered with what is commonly known as “ blacktop”. After acceptance by the State it became apparent that the surface of the highway was very smooth and that cars for no apparent reason would skid and slide even when it was not raining. When wet, the condition was even more dangerous.
In September, 1953 the State treated the surface of the highway with an asphalt emulsion and stone, and in the fall of 1954 the State scarified the road in an attempt to correct the hazard.
All of these measures were unsuccessful. Between the fall of 1954, after scarifying, and the date of this accident, there were 14 reports filed showing skidding accidents on this section of the highway. The State had actual notice of this dangerous condition.
There were ‘‘ slippery when wet ’ ’ signs placed on the highway in accordance with existing regulations but they were wholly inadequate to warn the traveling public of the danger that existed.
Claimant was an experienced driver and was traveling at a reasonable speed at the time of the accident. She was free of any contributory negligence.
The sole proximate cause of the accident and the resulting damages and injuries was the negligence of the State in failing to maintain the highway in a reasonably safe condition for the use of the traveling public. Claimant is entitled to an award.
As a result of the accident the claimant sustained a fracture of the second cervical vertebra, a fracture of the outer end of the left clavicle, and a fracture of the left eighth rib. In addition there were numerous bruises and contusions. Miss Spence was hospitalized for seven weeks in Oswego before leaving for Gananoque, Ontario, Canada, where she spent an additional three weeks recovering from her injuries. On October 18, 1955 claimant returned to her home in Cleveland and did not leave her house until the latter part of November, 1955. Claimant has a 25% to 30% permanent limitation of motion of the neck.
Claimant is entitled to the sum of $11,000 for her personal injuries, pain and suffering and for the permanency and for future pain and suffering.
At the trial certain damages were stipulated. These include damage to claimant’s car, her medical expense, loss of personal property and miscellaneous expense. The total of these claims is $2,544.35, which the court finds fair and reasonable.
*1031 At the time of the accident the claimant was not employed. However, she was a woman of exceptional education and was capable of holding important and lucrative positions. Her last . work, which was terminated in March, 1955 due to a reorganization, paid her in salary $4,500 plus living expenses. She had every reason to expect that she would he employed after the Labor Day holiday at a position in keeping with her ability. In determining her loss of earnings we are confronted with the testimony of her attending physician who failed to give a date at which the claimant could have gone back to work. Considering all the testimony it is my opinion that claimant is entitled for loss of earnings in the amount of $2,100. Consideration has been given to the loss of future earnings and the amount awarded is a reflection of past and future loss.
Claimant is entitled to a judgment of $15,644.35 which shall be entered by the clerk.
The foregoing constitutes the written, and signed decision of the court as required by section 440 of the Civil Practice Act.